[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a custody matter involving the State of Connecticut, the State of New Hampshire, a parent who is a resident of the State of Connecticut, a parent who is a resident of New Hampshire, and two minor children who reside with their mother in the State of New Hampshire. The Superior Court of each state has previously ruled that it has jurisdiction over the custody dispute involving these children. The CT Page 12164 immediate issue before this court is which state is the more appropriate and convenient forum to litigate the custody issues. An understanding of the history of this case may be helpful.
On April 3, 2000, the plaintiff filed a complaint in the Superior Court for the Judicial District of Tolland seeking a dissolution of marriage, custody of the minor children, support for the minor children and an equitable distribution of the marital assets. In his complaint, the plaintiff alleged that both parties resided continuously in the State of Connecticut for at least twelve months next preceding the filing of the complaint. At the same time the plaintiff filed a pendente lite motion seeking custody of the minor children. The writ, summons and complaint, as well as the pendente lite motion, were served in hand upon the defendant in Litchfield, New Hampshire on March 23, 2000.
On March 29, 2000, the defendant filed a petition for custody and child support with the Superior Court for the State of New Hampshire.
On April 24, 2000, the defendant filed a Motion to Dismiss the plaintiff's Pendente Lite Motion for Custody on the grounds that, pursuant to § 46b-93, the Connecticut Court lacked jurisdiction over the minor children. The defendant alleged that Connecticut was not the home state of the children at the time the Pendente Lite Motion was filed. Additionally, the Motion to Dismiss alleged that Connecticut is an improper venue and/or inconvenient forum under the provisions of § 46b-97.
On April 26, 2000, the Connecticut Court (Steinberg, JTR) denied the motion to dismiss ette pendente lite motion and ruled that Connecticut was the home state of the children. On the same date the plaintiff filed an amended complaint alleging that only the plaintiff had resided continuously in the State of Connecticut for at least twelve months next preceding the filing of the complaint. In the amended complaint the plaintiff seeks a dissolution of the marriage, joint custody of the minor children, and an equitable distribution of the marital assets.
On May 4, 2000, following a hearing and upon recommendation of a Superior Court Master (Love, MM), the New Hampshire Superior Court (Hampsey, J.) denied plaintiff's Motion to Dismiss defendant's motions for custody and child support on the ground that under the Uniform Child Custody Jurisdiction Act New Hampshire lacked jurisdiction over the custody issue.[1] On that same date the New Hampshire Superior Court (Hampsey, J.) entered temporary orders granting custody of the minor children to the defendant mother, ordering the plaintiff to pay child support for the minor children, structuring a visiting schedule between the children and the plaintiff father, and approving a recommendation for CT Page 12165 the appointment of a guardian ad litem for the two minor children.
On May 5, 2000, the defendant filed a Motion to Reargue and asked the court to "vacate its ruling and allow reargument and testimony with respect to said Motion to Dismiss to address the issues raised herein.". The basis of the motion was defendant's claim that the initial decision was made by the court without the benefit of evidence being presented by the parties. The motion to vacate and reargue was granted on May 31, 2000. (Steinberg, TJR) On June 21, 2000, following a hearing, the court (Steinberg, JTR) entered the following order: "The court sustains its earlier decision and finds Connecticut the proper forum, having proper jurisdiction, over the minor children."
Subsequently, the New Hampshire Superior Court (Love, MM) communicated with this court indicating that New Hampshire was ready to proceed with a child custody study and hearings on the issue of custody. She asked whether Connecticut would consider the question of whether Connecticut is the most convenient forum to litigate the custody issues.
Under both the UCCJA, (§ 46b-97) which was in effect at the commencement of this case, and the UCCJEA, (P.A. 99-185, Sec. 18) which was adopted by the State of Connecticut on July 1, 2000, a court, on its own motion, may decline jurisdiction over an action to determine custody of a minor child,[2] Accordingly, the court, on its own motion, notified the parties that the court would consider the New Hampshire request to waive jurisdiction over the child custody determination in this case.
This court held an evidentiary hearing on the issue of whether Connecticut is a nonconvenient forum on September 14, 2000. Both parties were present with their attorneys. While both parties were invited to offer evidence concerning the inconvenient forum issue, the only evidence offered was the testimony of the defendant, Pamela Stone. After a review of the file and a careful consideration of the testimony of the defendant, who the court finds credible, the court finds the following facts to be proven for the purpose of resolving this issue.
Mrs. Stone and the two children have resided in the State of New Hampshire for the past eighteen months. In April 1999, with the parties experiencing problems in their marriage, the defendant decided to move to New Hampshire with her two children under the guise of visiting relatives for a weekend. Once in New Hampshire, the defendant moved into a house belonging to her aunt and uncle and obtained employment with a business owned by her aunt and uncle. At about the same time the defendant's parents also moved to the state of New Hampshire. The plaintiff and defendant did not discuss their separation before the fact, but once the CT Page 12166 defendant was in New Hampshire the parties discussed a separation and a liberal visitation schedule between the father and the children was agreed upon and put into place. The children have had extensive visits in Connecticut with their father since moving to New Hampshire.
Initially, the defendant was unsure of how long she would remain in New Hampshire. She was undecided as to whether to remain just through the summer or permanently. However, in June 1999 the plaintiff husband informed the defendant that he intended to file for divorce, and in July 1999 the plaintiff initiated a discussion with the defendant in which he proposed that both parties date other individuals. These two incidents appear to have cemented her decision to establish permanent residence in New Hampshire
In July 1999 both children were enrolled in preschool programs in New Hampshire. They remained in this school throughout the 1999-2000 academic year. The children continue to be enrolled in the same school for the current academic year. Mitchell, age six, is in kindergarten and Jessica, age five, is in nursery school.
The defendant and the two children currently reside in a newly built two bedroom apartment built for them by the aunt and uncle. The children share a bedroom which is physically divided with furniture to provide them with their own space and privacy. The defendant continues to be employed as the operations manager in the family business. This is a seasonal business which operates from March through October. The defendant is able to save sufficient money during that period to sustain her and the children during the Winter months. The defendant's work schedule permits her to be at home with the children during much of the school year.
The defendant has a New Hampshire driver license, her car is registered in New Hampshire, and she is registered to vote in New Hampshire. She intends to remain a resident of New Hampshire where she and the children have resided for the past eighteen months.
During the September 14, 2000 hearing before this court, counsel for the defendant informed the court that not only had the state of New Hampshire appointed a guardian ad litem for the minor children, but that the guardian ad litem had interviewed fifteen individuals concerning the custody issues. Counsel also indicated that the custody issues could probably be resolved by the New Hampshire court within approximately sixty-days. Counsel for the plaintiff, in response to a question from the court, estimated that this case would not be ready for trial before the Connecticut court for almost one year.
CT Page 12167 For the most part, the UCCJEA, like its predecessor the UCC JA, sets forth the procedural basis by which the several states should resolve child custody determination disputes. Both statutes list the criteria which the court must consider before deciding whether to decline jurisdiction on the basis of inconvenient forum.[3]
Both parties were given an opportunity to submit information concerning this during the hearing. As to the enumerated factors which the court is required to consider, domestic violence does not appear to be an issue in this case, and there is no agreement of the parties as to which state should assume jurisdiction. Very little evidence was presented to the court' concerning the relative financial circumstances of the parties. Both parents are employed and the plaintiff has been paying child support to the defendant on a regular basis. The distance between these two New England states is not significant. The parties have not had much difficulty in transporting the children between New Hampshire and Connecticut for scheduled visitation with the father.
Other criteria are much more significant. The court finds that the defendant and the children have resided in the State of New Hampshire for almost eighteen months. The children attend school in New Hampshire and have done so for more than one year. The mother and children have an established residence with extended family members in New Hampshire. The children and those individuals with whom the children have been interacting over the past eighteen months, such as their pediatrician, teachers and other school authorities, and members of their extended family with whom they have been residing during that period of time, are all located in New Hampshire. It is in that state and not Connecticut where the most significant evidence concerning the fitness and ability of the defendant and the best interests of the children will be found.
The UCCJEA also provides that the court "shall consider all relevant factors" when deciding the question of inconvenient forum. Under the UCCJA, the court was required to consideration of whether it is in the interest of the children that another state assume jurisdiction under the inconvenient forum provision of the UCCJA. This court believes that in this case a consideration of the best interests of the child is an important relevant factor to be considered.
The children need stability in their lives and it is in their best interest to know and to be assured of where and with whom they are going to be living. That can only be achieved by having a determination of their custody determined at the earliest possible date. If a change in their custody is required, it should be done quickly, not a year from now after the children have developed even closer emotional ties with friends and relatives living in New Hampshire. CT Page 12168
It is quite clear from a review of the court file that the New Hampshire court is more familiar with and involved in the custody issues of this case than is the Connecticut court. The New Hampshire court has appointed a guardian ad litem for the children and has held hearings and entered temporary orders on defendant's motions for custody, visitation and child support. Based upon the evidence and a review of prior proceedings in Connecticut and New Hampshire, this court finds that New Hampshire has the ability to decide the child custody issue in a more expeditious manner than does Connecticut. Accordingly, the court finds that it is in the best interests of the children to have the custody issues resolved in and by the State of New Hampshire.
Even though Connecticut previously determined that it has jurisdiction over the child custody issues, this court is convinced from the weight of the evidence that New Hampshire and not Connecticut is the more convenient forum to make a child custody determinations in this case. The court reaches the same conclusion when evaluating all of the relevant criteria enumerated under the inconvenient forum provisions of both the UCCJA and the UCCJLA. See: Conn. General Statutes § 46b-97 andP.A. 99-185 (18).
For all of these reasons, the court finds that New Hampshire is the more convenient and reasonable forum for the purpose of determining the custody issues in this case.
 ORDER
Pursuant to Section 18(c) of the UCCIBA, the State of Connecticut determines that it is an inconvenient forum in which to make a custody determination in this case and that the Superior Court of the State of New Hampshire is a more appropriate forum in which to make that determination. Accordingly, the State of Connecticut will stay the child custody proceedings now pending in this state on condition that child custody proceedings be promptly addressed and resolved in the State of New Hampshire.
The court takes note that under both the UCCJA and the UCCJEA, "custody determination means a judgement, decree, or other order of a court providing for the legal custody, physical custody or visitation with respect of a child. The term does not include an order relating to childsupport or other monetary obligations of an individual." (Emphasis added)
Pursuant to Section 18(d) of the UCCJEA, while declining to exercise its jurisdiction over the child custody issue, the State of Connecticut CT Page 12169 will nevertheless retain jurisdiction over the dissolution of marriage and all other related proceedings, including child support, alimony, and an equitable distribution of marital property currently pending in this state.
Certified copies of all findings and orders of the New Hampshire Superior Court related to the child custody determination are to be submitted to and made a part of the Connecticut Superior Court record in this case.
Terence A. Sullivan Superior Court Judge